## MOSES HANCOCK *vs.* WILLIAM W. MERRICK.

The same facts, upon which a divorce from bed and board is granted against a husband, for the cause of cruelty, are sufficient *primâ facie* evidence to justify a wife in leaving his house, with a credit for necessaries, and the husband will be liable for her board afterwards to any one who furnishes the same, at least from the time of the separation until the decree of divorce.

But he will not be liable in such case for the board of a child, the custody of which is awarded to the mother, and which lives with her.

THIS was an action brought in the court of common pleas, to recover, as set forth in the plaintiff's bill of particulars, for the board of the defendant's wife and child, from the 13th of December, 1848, to the 12th of May, 1849, and also for the board of the latter, from the 12th of May to the 29th of September, 1849, and it was submitted to that court, and by appeal to this, upon the following agreed statement of facts: At the May term, in 1849, of this court, for the county of Hampden, a divorce from bed and board, between the defendant and his wife, was decreed upon the libel of the latter, for the cause of cruelty, and at the same time, the custody of the child who was a boy born on the 17th of February, 1844, was awarded to the wife, until the next term of the court. The libel was dated the 18th of December, 1848, was filed the 23d, and served upon the defendant on the 12th of January following. At the September term of this court in 1849, alimony to the amount of seventy-eight dollars a year, payable semi-annually, was allowed to the wife, commencing on the 12th of May, 1849, (being the day on which the divorce was decreed,) to be secured by the bond of the defendant, with sufficient surety or sureties. The bond was subsequently given, pursuant to the order of the court, and the alimony, so far as the same has become due, has been paid. At the same term, the custody of the child was continued with the mother until the next term.

The defendant's wife left his house on the 13th of December, 1848, in consequence of the same treatment, for which the divorce was granted, and has ever since boarded with the plaintiff who is her father. The child has resided with the

4 *

mother at the plaintiff's and has been furnished by him with board during the same period; but this has been contrary to the wish of the defendant, who has repeatedly requested to have the custody of the child. Upon the foregoing facts, the court is to render such judgment as the law requires, and if the same shall be in favor of the plaintiff, an assessor shall be appointed to assess the amount of damages, upon such principles as the court may determine.

This case was argued and decided as of the September term, 1851.

*H. Morris,* for the plaintiff.

*G. Ashmun,* (*W. G. Bates* with him,) for the defendant.

BY THE COURT. This is an action for the board of the defendant's wife. The statement of facts shows that a decree of divorce from bed and board, for cruelty, on the libel of the wife against the defendant, her husband, was rightly awarded, and it is agreed that the same evidence would appear in this case. These facts are *primâ facie* evidence of that conduct towards his wife, by the defendant, which rendered it inconsistent with her safety to stay; and which warranted her in leaving her husband's house; and no evidence being offered to control and rebut this inference, it amounts to full proof of such cruelty.

Then, according to the rules of the common law, if a husband, without justifiable cause, turns his wife out of his house, without support, or treats her with that degree of personal violence which amounts in law to cruelty, and she leaves in consequence, she so far carries with her the credit of her husband, for necessaries, that the person who supplies her with them may have an action therefor against the husband. In this case, the court are of opinion, that the plaintiff is entitled to recover for the board of the wife from the time she left her husband's house, to the time of the decree of divorce. But the claim for the board of the child stands on a different footing, and we think for this the action cannot be maintained.

*Referred to an auditor to assess damages.*